IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    ACCOMAC INN, INC.<br>    D/B/A ACCOMAC INN<br>    D/B/A ACCOMAC CATERING<br>    D/B/A ACCOMAC EVENTS<br>    D/B/A THE ACCOMAC,<br>            Debtor in Possession | Chapter 11<br><br>Case No. 1:18-bk-04852-HWV |

### DEBTOR IN POSSESSION'S MOTION TO INCUR DEBT PURSUANT TO 11 U.S.C. § 364 AND FOR APPROVAL OF SUPERPRIORITY ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b) and § 507 (b)

COMES NOW, this 20th day of November, 2018, the Debtor in Possession, by its counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion averring that:

1. Movant is the within Debtor in Possession, Accomac Inn, Inc. (hereinafter "Debtor") which filed a voluntary Chapter 11 Petition on November 19, 2018.

### JURISDICTION AND VENUE

2. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S. § 157(b)(2).

3. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

4. The within Motion is brought pursuant to 11 U.S.C. § 364 as the Debtor is seeking to obtain credit and pursuant to 11 U.S.C. § 503(b) as the Debtor is seeking to grant a post-petition administrative claim.

5. The within Motion is also brought pursuant to 11 U.S.C. § 507(b) in that the advance of pre-petition payroll seeks to be afforded Superpriority Administrative Status.

## BACKGROUND

6. The within case was filed as a voluntary Chapter 11 on November 19, 2018.

7. At the time of the filing of the within case, the Debtor had ceased operation its restaurant and catering business.

8. The Debtor has listed in its schedules wage claims in the aggregate amount of approximately $50,000.

9. Debtor has received an offer from Henry Leon Shenk (hereinafter "Buyer"), to purchase substantially all of Debtor's assets for the aggregate amount of $1,000,000, approval of which is being sought by separate Motion.

## RELIEF REQUESTED

10. The Buyer wishes to reopen the restaurant facility as expeditiously as possible.

11. The payment of the pre-petition wages will permit the Buyer to retain the existing staff and allow him to reopen the facility much more seamlessly.

12. The wage claims are all priority claims pursuant to 11 U.S.C. § 507(a)(4) as none exceed the statutory limit for wage claims in terms of either amount of $12,475 per employee or time lapsed. All wage claims were incurred during the months of October, 2018 and November, 2018.

13. It is believed that there are no claimholders that have claims pursuant to 11 U.S.C. § 507(a)(1), (a)(2) or (a)(3).

14. A list of wage claimants, including the amounts owed, is attached hereto and incorporated herein by reference as Exhibit "A."

15. Debtor wishes to borrow the sum of $50,000 from Buyer for the purpose of paying payroll

16. It is proposed that the Buyer will be given a credit in the amount of $50,000 from the sale proceeds and that this will be debited from the fund to be created by the 10% carve out of the sale proceeds.

17. In the event that Buyer is not the high bidder or if the sale of the Property is not consummated, the Buyer will be reimbursed for this payroll advance out of any higher bid on which the higher bidder is the ultimate purchaser.

WHEREFORE, the Debtor in Possession requests that this Honorable Court enter an Order granting it the authority to incur debt in the form of a loan from Buyer pursuant to the terms as set forth in this Motion and grant Buyer a Superpriority, administrative claim

Respectfully submitted

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for Debtor in Possession